JP:AMC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - against -

STANLEY LONDONO and
JOHN CUERVO,

              Defendants.

- - - - - - - - - - - - - - - - - -X

09-144 M

AFFIDAVIT IN
SUPPORT OF
ARREST
WARRANT AND
COMPLAINT
(T. 21, U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

      ROBERT ETIENNE, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about February 10, 2009, within the Eastern District of New York and elsewhere, the defendants STANLEY LONDONO and JOHN CUERVO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

      (Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]/

1.    On or about February 10, 2009, a cooperating witness ("CW") arrived at JFK International Airport in Queens, New York aboard Avianca flight No. 42 from Medellin, Colombia. During a routine Customs examination and interview, the CW admitted in substance to ingesting approximately 66 pellets of a controlled substance.  The total approximate gross weight of heroin recovered from the CW was 694.9 grams.

2.    The CW was placed under arrest.  The CW agreed to cooperate with ICE Agents.  CW stated that he was approached by a woman known to the CW as Natalee who paid for the CW to travel to Colombia.  After the CW arrived in Colombia, the CW met up again with Natalee who offered to pay the CW $10,000 to bring drugs into the United States from Colombia.  Natalee instructed the CW to deliver said drugs to an individual identified only as "J". The CW was later informed by Natalee that "J" had been arrested and that he would have to sell the drugs on his own.  After the CW's arrest, the CW spoke to Natalee by telephone, who informed the CW to contact an individual named "Stanley" and to give the drugs to "Stanley".

---

[1]/    Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

3.    ICE Agents later brought the CW to a Holiday Inn located in Saddlebrook, New Jersey to meet with "Stanley." At about, 4:20 p.m., the CW met with defendants STANLEY LONDONO, JOHN CUERVO and a third individual, who arrived at said Holiday Inn in an automobile. At the Holiday Inn parking lot, ICE agents subsequently placed STANLEY LONDONO and JOHN CUERVO under arrest.

4.    Following his arrest, the defendant STANLEY LONDONO was given and waived his Miranda warnings. He admitted in substance and in part to knowing that the person he went to meet at the hotel was bringing drugs into the country and further stated that he was instructed by individuals in Colombia to pick up the drugs from that person. The defendant STANLEY LONDONO further stated that he was performing this drug pick up at the behest of the defendant JOHN CUERVO.

5.    Following his arrest, the defendant JOHN CUERVO was given and waived his Miranda warnings. He admitted to knowing that the person at the hotel was bringing drugs into the country and further stated that he was instructed by LONDONO to assist LONDONO in picking the drugs up at said Holiday Inn. He further stated that the drug delivery was intended for LONDONO so that LONDONO could sell said drugs to two individuals of Dominican descent, one of whom was named Francis. He further stated that he was present when LONDONO previously sold

4

approximately 300 grams of heroin to the same Dominicans in

exchange for approximately $23,000 United States currency.

6.    Following his arrest, JOHN CUERVO agreed to

cooperate and was transported to an apartment in Paterson, New

Jersey for the purpose of assisting in the investigation of

narcotics trafficking.  After arriving at the apartment JOHN

CUERVO left the apartment and fled from custody.  His whereabouts

are currently unknown.

7.    WHEREFORE, your deponent respectfully requests that

the defendant STANLEY LONDONO be dealt with according to law and

that an arrest warrant be issued for the defendant JOHN CUERVO so

that he may be dealt with according to law.

ROBERT ETIENNE
Special Agent
U.S. Immigration and
Customs Enforcement

Sworn to before me this
13th day of February, 2009

HONORAB.         S' J.Orenstein         JAMES ORENSTEIN
UNITED :                                 )GE
EASTERN                                  {